UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GLOBAL MANUFACTURING ASSOCIATES, INC., d/b/a JUSTIN, U.S., | ) ) ) | Case No.: 1:07 CV 1006 |
| Plaintiff | ) ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) | |
| AVERY OUTDOORS, INC., | ) ) | |
| Defendant | ) | <u>ORDER</u> |

The above-captioned lawsuit concerns waterfowl decoys made by Plaintiff Global Manufacturing Associates, Inc., d/b/a Justin, U.S. ("Plaintiff" or "Justin"), which are sold by Bass Pro Shops, Inc. ("Bass Pro"). Plaintiff filed the instant lawsuit seeking declaratory judgment, pursuant to 28 U.S.C. § 2201, that it is not infringing the copyright of Defendant Avery Outdoors, Inc. ("Defendant" or "Avery"). (Compl., ECF No. 1.) Now pending before the court are Defendant's Motion to Dismiss (ECF No. 7) and Bass Pro's Motion to Intervene as Party Plaintiff ("Motion to Intervene") (ECF No. 8). For the reasons stated below, Defendant's Motion to Dismiss is granted and Bass Pro's Motion to Intervene is denied as moot.

**I. FACTS AND PROCEDURAL HISTORY**

Plaintiff commenced the instant action on April 5, 2007. In its Complaint, Plaintiff stated that, because of correspondence and statements made by Defendant, Plaintiff was concerned that

"copyright litigation against it was imminent." (*Id.* ¶ 21.) Three weeks later, on April 26, 2007, Defendant filed an action in the United States District Court for the Western District of Tennessee against Bass Pro and Justin for copyright infringement, unfair competition, and violations of the Tennessee Consumer Protection Act. (Def.'s [Tenn.] Compl. for Equitable and Other Relief, ECF No. 7-3.)

On April 27, 2007, Defendant filed the pending Motion to Dismiss, arguing that this court should exercise its discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), to dismiss the within case because the action in the Western District of Tennessee (the "Tennessee action") is "better situated to resolve the entire controversy." (Def.'s Mot. Dismiss at 1.) The Motion has been fully briefed by both sides.

On September 13, 2007, Defendant filed a Notice of Ruling in Related Action ("Notice"). (ECF No. 22.) Defendant attached to the Notice a copy of an Order dated September 12, 2007, in which the court in the Tennessee action denied Bass Pro's motion to dismiss or, in the alternative, to transfer venue of that case to the Northern District of Ohio, holding that Avery's lawsuit would remain and proceed in the Western District of Tennessee. (ECF No. 22-2.) On October 10, 2007, Defendant filed a Second Notice of Ruling in Related Action ("Second Notice"). (ECF No. 23.) Defendant attached to the Second Notice a copy of an Order of the same date, in which the court in the Tennessee action affirmed its Order of September 12, 2007, by denying Justin's renewed motion to dismiss as well as Bass Pro's motion to reconsider. (ECF No. 23-2.) With respect to each Notice, Defendant asserted that "[t]he Order [in the Tennessee action] as the Court will see has a direct bearing on Avery Outdoor's, Inc.'s Motion to Dismiss . . . ." (ECF No. 22 at 1; ECF No. 23 at 1.) To date, Plaintiff has not filed anything in this court regarding either Notice.

## II. MOTION TO DISMISS

Litigants do not possess an absolute right to bring a lawsuit for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201. *AmSouth Bank v. Dale*, 386 F.3d 763, 784 (6th Cir. 2004) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995)). Instead, "[d]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Id.* (quoting *Wilton*, 515 U.S. at 282).

The Sixth Circuit has enunciated a five-factor test which district courts must utilize to determine whether to hear actions seeking declaratory judgment:

> (1) whether the judgment would settle the controversy;
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
> (5) whether there is an alternative remedy that is better or more effective.

*Id.* at 785 (citing *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000)). The Sixth Circuit has further held that a district court commits reversible error by declining to exercise jurisdiction over a declaratory judgment without considering each of the five factors. *United States Fire Ins. Co. v. Albex Aluminum, Inc.*, 161 F. App'x 562, 564 (6th Cir. 2006) (citing *AmSouth*, 386 F.3d at 785).

In its Motion to Dismiss, Defendant argued that the five factors weigh in favor of dismissing the instant suit. In its response, Plaintiff did not address the five factors. Instead, Plaintiff argued

that the case was appropriate as a declaratory judgment because it presented an "actual controversy." (Pl.'s Opp'n Br. 12-14, ECF No. 10); *see* 28 U.S.C. §2201(a).  After considering all five factors mentioned above, as discussed hereafter, the court hereby determines that it will exercise its discretion not to entertain this declaratory judgment suit.

### A. Whether the Judgment Would Settle the Controversy

The instant declaratory judgment action, in its current posture, will not settle the entire controversy between the parties.  Should the court deny Justin's relief for a declaratory judgment that it is not infringing Avery's copyright on the ground that the copyright *is* being infringed, Avery would still have to bring a copyright infringement claim against Justin, just like the one currently pending in Tennessee.  However, the court notes that this concern could be resolved because Avery could file its claims in the Tennessee action as counterclaims in this action.

In addition, the lawsuit currently does not include Bass Pro, whose Intervenor Complaint alleges a declaratory judgment action against Avery.  Consequently, the declaratory action as it stands would not settle claims by or against Bass Pro.  However, the court notes that it could adequately address this concern by granting Bass Pro's pending Motion to Intervene. If such Motion were granted, Avery could assert the claims against Bass Pro that it has asserted in the Tennessee action.

Therefore, the court finds that this factor does not weigh strongly in favor of retaining or dismissing the case.

### B. Whether the Declaratory Judgment Action Would Serve a Useful Purpose in Clarifying the Legal Relations at Issue

The Sixth Circuit has held that "[t]he 'useful purpose' served by the declaratory judgment action is the clarification of legal duties *for the future*, rather than the *past harm* a coercive tort

action is aimed at redressing." *AmSouth*, 386 F.3d at 786 (emphasis added). As the instant suit concerns waterfowl decoys that Plaintiff has already made, rather than decoys that Plaintiff would like to begin making only after determining its rights, the suit does not appear to have a "useful purpose." Furthermore, the fact that Justin feared being sued by Avery, as stated in its Complaint, does not favor Plaintiff on this factor because "[t]he threat of suit, however immediate, is not by itself sufficient for the invocation of the federal power to issue a declaratory judgment." *Id.* (quoting *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 712 (7th Cir. 2002)). Therefore, the court finds that this factor weighs in favor of dismissing the action.

### C. Whether the Declaratory Remedy Is Being Used Merely for the Purpose of "Procedural Fencing" or "to Provide an Arena for a Race for Res Judicata"

This factor weighs strongly in favor of dismissing the action. Plaintiff argues that because it filed the instant case prior to Defendant filing the Tennessee action, Plaintiff's case should proceed as the case "first filed." The first-filed rule allows the first case filed to proceed where duplicative actions are filed in separate federal courts. *See Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001). However, courts have stated that the first-filed rule does not apply where a party files an anticipatory declaratory action before a natural coercive action is filed. *AmSouth*, 386 F.3d at 791 n.8. ("[T]he first-filed rule is not a strict rule and much more often than not gives way in the context of a coercive action filed subsequent to a declaratory action.").

In the instant case, Avery is the natural plaintiff because it is the entity seeking to enforce its copyright. Under these circumstances, the fact that Justin won "the race to the courthouse" does not necessarily entitle it to proceed in this forum. In fact, as the Sixth Circuit held in *AmSouth*, "[c]ourts take a dim view of declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of

acquiring a favorable forum." *Id.* at 788. As Plaintiff filed the instant case merely three weeks before Defendant filed the Tennessee action, the court finds that the first-filed rule does not weigh in favor of Plaintiff.

The court notes that the Western District of Tennessee also relied on this reasoning in reaching its decision to deny Justin's motion to dismiss the Tennessee action or transfer it to the Northern District of Ohio.

### D. Whether the Use of a Declaratory Action Would Increase the Friction Between Federal and State Courts and Improperly Encroach on State Jurisdiction

As Defendant asserts, this factor is not relevant to the case at bar because there is no action pending or anticipated in state court regarding the matters at issue in this case.

### E. Whether There Is an Alternative Remedy That Is Better or More Effective

This factor also weighs in favor of dismissing the case. While the court agrees with Plaintiff that there is an "actual controversy" between the parties in the instant case, the pending Tennessee action represents a better, more effective remedy for Justin, Avery, and Bass Pro. The Tennessee action includes all the relevant parties and the alignment of the case puts Avery in the appropriate position as the natural Plaintiff. Furthermore, the Sixth Circuit has held that "a coercive action is an inherently more effective litigation vehicle." *AmSouth*, 386 F.3d at 791. Such actions help "sharpen and refine the issues to be decided." *Albie's Foods v. Menusaver, Inc.*, 170 F. Supp. 2d 736, 740 (E.D. Mich. 2001).

Therefore, because the court finds that the five-factor test strongly weighs in favor of declining to exercise jurisdiction over this declaratory judgment action, the court hereby grants Defendant's Motion to Dismiss (ECF No. 7.)

### III. MOTION TO INTERVENE

As the case has been dismissed, Bass Pro's Motion to Intervene (ECF No. 8) is hereby denied as moot.

### IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 7) is granted and Bass Pro's Motion to Intervene (ECF No. 8) is denied as moot.

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

January 29, 2008